JASME *et al. v.* MERCER, executor, *et al.*

No. 9127. NOVEMBER 16, 1932.
ADHERED TO ON REHEARING, FEBRUARY 28, 1933.

258

*Gazan, Walsh & Bernstein,* for plaintiffs.

*Abrahams, Bouhan, Atkinson & Lawrence, Stephens & Stephens,* and *Lawton & Cunningham,* for defendants.

BECK, P. J. The controlling question in this case is whether a will made and executed by a person leaving a wife and child, the

provisions of which contain a bequest to certain charitable institutions, violated the provision of § 3851 of the Code, that "No person leaving a wife or child shall by will devise more than one third of his estate to any charitable . . institution, to the exclusion of such wife or child." The court below held, upon consideration of the petition and the demurrers thereto, that there was no violation of the section referred to; which is in effect a holding that the testator did not leave to charity more than one third of his entire estate. Under the facts alleged in the petition, the court did not err in so holding, inasmuch as the court was authorized, in computing the amount left to the wife, to reduce to its present value the life-estate bequeathed to her.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Atkinson, J., who dissent.*

GILBERT, J., concurring specially. Only three hundred dollars was given to eleemosynary institutions at the time of the death of the testator. The will further provided that at the death of the wife whatever remained was to be divided, two thirds to the testator's sister and one third to designated eleemosynary institutions. It can not be definitely shown whether there will be any part of the estate remaining after the death of the wife; it may have all been consumed in paying annuities to her under provisions of the will. Certainly it can not be shown that one third of the net remainder after the death of the wife will amount to more than one third of the estate as it was at the death of the testator. For that additional reason I concur in the judgment of affirmance. Mr. Justice Bell concurs in this special concurrence.

ON MOTION FOR REHEARING.

GILBERT, J. In the motion for rehearing movants contend that in the special concurrence of Mr. Justice Bell and the writer hereof, the material fact, as shown by the record, that the bequest to the wife was to "be paid out of the net income" from the property of the testator was overlooked. Movants say this error is patent when it is noticed that "the will expressly provides that the monthly payments to be made to the testator's widow shall be paid out of the *net income* of the rest and residue of the estate, and thus it will be impossible that the net estate be encroached upon by paying annuities to the wife." Item 7 of the will is as follows: "I direct that the provision thus made for my wife shall be in lieu of year's

support, dower, or a child's portion of my estate, and shall be received by her in lieu thereof." In *Tinsley* v. *Maddox*, 176 *Ga*. a similar case, in which the will contained a provision for an annuity in lieu of dower, year's support, etc., this court held: "The annuity of $150 a month to the wife, having been accepted by her under the provision of the will in lieu of dower and twelve months support, was in the nature of a purchase, and would not abate because of the insufficiency of the net income to pay same, but is a charge against the whole property of the estate." According to that ruling, the corpus of the estate, as well as the net income, was bound for the payment of the annuity to the wife, and until her death it could not be ascertained what part, if any, of the corpus remained. For these reasons the special concurrence is adhered to.